IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY GARRETT BROWN            )
                                 )
                    Petitioner,  )     C.A. No. 09-103Erie
                                 )
          v.                     )
                                 )
RAYMOND LAWLER, et al.,          )     Chief Magistrate Judge Baxter
                                 )
                    Respondents. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner is serving a sentence imposed by the Court of Common Pleas of Erie County, Pennsylvania. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his sentence. This petition is at least the fourth habeas petition that he has filed with this federal Court[1].

Pursuant to 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied. It is further recommended that Petitioner's motion for leave to proceed in forma pauperis be dismissed.

**II.   REPORT**

    **A.    Relevant Factual and Procedural History**

On or about May 5, 2009, Petitioner filed with this Court a *pro se* petition for writ of habeas

---

[1] Petitioner has filed numerous cases with this and other federal courts.

corpus. On the face of the document, Petitioner indicates that this "habeas corpus is being filed under newly discovered evidence." Document # 1-2, page 2.

Petitioner argues that he is entitled to habeas relief because:

> the prison sentence is violative of Petitioner's rights under international laws. Because, prison causes serious mental problems and, no one shall be subjected to that type of punishment. See: Article Seven of the International Covenant of Civil and Political Rights (ICCPR). Under Article Six of the U.S. Constitution, International law is the supreme law of the land and, all judges are bound by these laws. Therefore, Petitioner is falsely/unlawfully incarcerated (a miscarriage of justice). Petitioner should have been placed in house arrest. Finally, criminal law does not apply to Blacks (minorities); International law does. See: Article 27 of the ICCPR. See Also Article 2, paragraphs I, II, and III(A)(B)(C); Article 3, and Article 5 paragraphs I and II of the ICCPR.

Document 1-3, page 1.

Petitioner has filed previous petitions for writ of habeas corpus in this Court, including Civil Action Numbers 03-401Erie, 08-312Erie, 08-319Erie.

### B. Successive Petition

Because this petition is at least the fourth federal habeas corpus petition that Petitioner has filed in this Court, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

Petitioner has neither sought nor received from the Third Circuit permission to file a

successive petition. Therefore, the instant habeas petition should be dismissed because this Court lacks jurisdiction over it. <u>Burton</u>, 549 U.S. at 152-54.

  **C.**  **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

**III.**  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied. It is further recommended that Petitioner's motion for leave to proceed in forma pauperis be dismissed.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
								SUSAN PARADISE BAXTER
								Chief U.S. Magistrate Judge

Dated: May 19, 2009